# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| EDWIN D. CALLIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-321 |
| | ) | |
| BILL K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Alter or Amend Judgment, filed by Petitioner, Edwin D. Calligan, a pro se prisoner, on February 2, 2009 [DE #24]; and (2) Motion to Amend Motion to Alter or Amend Judgment, filed by Petitioner, Edwin D. Calligan, on March 27, 2009 [DE #26]. For the reasons set forth below, the Motion to Amend [DE #26] is **GRANTED**. The Motion to Alter or Amend Judgment [DE #24] is **DENIED**.

BACKGROUND

Calligan, a pro se prisoner, filed a petition for writ of habeas corpus on December 13, 2007. In that petition, he challenged prison disciplinary proceedings that resulted in sanctions including a loss of 365 days earned credit time and demotion in credit class from CI to CII. Calligan's habeas corpus petition stems from an incident on August 14, 2007, when he physically assaulted McClain, a correctional officer. The Conduct

Adjustment Board ("CAB") determined that Calligan was guilty of a class A offense, "Committing battery upon another person, with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious injury." (DE #15, Ex. A.) Calligan's habeas petition raised two grounds for relief: (1) insufficient evidence of "serious bodily injury" and (2) failure to provide a statement from a witness named Williams.

In an opinion dated January 12, 2009, this Court denied the habeas corpus petition, ruling that there was sufficient evidence in the record for the disciplinary board to find that Calligan caused serious bodily injury and that because the officer reported that Calligan used his foot to "stomp" her in the head, the CAB also could have found that Calligan committed a battery with a weapon (his foot).

Regarding the witness, Calligan argued in his habeas petition that he requested Williams as a witness, but the CAB did not obtain a statement from him. Calligan maintains that Williams could have corroborated his story and another witness's statement that McClain provoked the attack by spitting on him. Moreover, although the prison told Calligan that Williams was unavailable because he had been released, Calligan suggests that this was not true. The Court found that Calligan's due process rights were not violated because: (1) being spit upon would not be exculpatory for Calligan's admitted attack on McClain; and (2) a corroborating statement from

Williams would have merely been repetitious.

After timely filing his Motion to Alter or Amend Judgment on February 2, 2009,[1] Calligan filed a motion to amend his motion to alter or amend the judgment on March 27, 2009. "Leave to amend is to be freely given when justice so requires." *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quotation marks and citation omitted). Therefore, this Court **GRANTS** the motion to amend the motion to alter or amend judgment, and will consider the arguments set forth by Calligan in his amended memorandum in support of the motion to alter or amend judgment.

Calligan sets forth three major grounds for altering or amending the judgment denying his habeas corpus petition. First, he argues that his foot cannot be considered a weapon because only extrinsic objects and not parts of the body are contemplated by statutes barring assault with a deadly weapon. Second, he contends that the CAB could not infer that McClain suffered extreme pain because there was a lack of testimony regarding her alleged pain or

---

[1] Judgment was entered on this Court's order denying Calligan's petition for writ of habeas corpus on January 13, 2009. Rule 59(e) establishes that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. Excluding weekends and a federal holiday, as this Court must under Rule 6(a), Calligan's motion to alter judgment was due on January 28, 2009. He certified that he gave his motion to the prison official for placement into the mail on January 26, 2009. Taking into account the mailbox rule, as this Court may on such a motion, see *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), the instant motion was timely filed.

3

pain medication. Third, he argues that the CAB could not have accurately determined that Williams was released because it did not have his correct department of corrections number or correct first name in order to determine his location.

DISCUSSION

The purpose of a Rule 59(e) motion is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). It is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). Moreover, the moving

4

party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001).

The due process standard for judicial review of prison disciplinary proceedings is that the findings must have support from "some evidence in the record." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary boards." *Id.* at 455-56.

Turning to the instant amended motion to alter or amend judgment, Calligan's arguments were all either already raised in his habeas petition, or could have been raised before. First, Calligan complains the Court was ambiguous as to whether it found Calligan's foot to be a "weapon" as a matter of law, moreover, Calligan argues that his foot cannot be considered a "weapon" because it is not an extrinsic object. (DE #27, at 2-4.) The argument that Calligan's foot cannot be considered a weapon could have been advanced in his original petition. In fact, Calligan did state in his traverse in support of his habeas petition that

5

"[t]his Court cannot and should not . . . consider Calligan's fist as 'weapons.'"). (DE #15, at 7.) As mentioned earlier, a motion to reconsider should not be a vehicle to reargue the case. *See Ahmed,* 388 F.3d at 249 ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.").

In addressing Calligan's question about this Court's previous ruling, it was not necessary for the Court to determine whether Calligan's foot fit the definition of a "weapon" for the Court to find that enough evidence existed to sustain the CAB's finding. The conduct conviction at issue involves "[c]ommitting a battery upon another person, with a weapon . . . *or* inflicting serious injury." (DE #15, Ex. A.) Thus, this Court only needed to find that Calligan committed a battery with a weapon *or* that he inflicted serious injury.

Putting aside whether Calligan's foot can be considered a "weapon," there is sufficient evidence that Calligan inflicted serious injury. The photographs, McClain's statement that Calligan "started striking me with his fist in the head and face. Also he was stomping me in my head" (DE #13-2, Ex. A), and the electronic message that McClain was "treated in Urgent Care and sent out to Med Watch for more treatment") (DE #13-4, Ex. C1), together constitute sufficient evidence to support the CAB's decision.

In his second ground to alter or amend the judgment, Calligan

6

argues that the CAB could not infer that McClain suffered extreme pain because there is a lack of testimony regarding McClain's alleged pain, and there was no testimony about whether she was prescribed pain medication. Again, this does not constitute a manifest error of law or fact, or newly discovered evidence. Calligan made this exact argument in his original petition (DE #15, at 6), thus it is improper to advance in this motion to alter or amend. Calligan cites *Hand v. State*, 863 N.E.2d 386 (Ind. Ct. App. 2007), for the proposition that photographs alone are insufficient evidence to prove serious bodily injury pursuant to Indiana Code section 35-41-1-25. Of course, the level of proof is different for a criminal conviction than in a disciplinary hearing, and our review of the CAB's findings only requires some evidence to support the disciplinary charge. Here, "[e]ven 'meager' proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation omitted). The Court finds McClain's account of the injuries inflicted, as well as the accompanying photographs, sufficient proof to uphold the CAB's decision that Calligan committed a Class A offense.

In his third and final ground, Calligan complains that the CAB could not have accurately determined that Williams "went home" as it did not have his correct D.O.C. number or first name. This

argument was previously made by Calligan, as he originally contended that it could not be proven that Williams was released prior to August 17, 2008. (DE #15, at 9.) In addition, Calligan now proffers non-record material purporting to show that the CAB did not have the prisoner's correct identification number or first name and insists the Court should require the CAB to provide proof of the prisoner's release date. It is interesting to note that from the evidence in the record, it appears that the screening officer, not the CAB, documented that Williams was released. (DE #13, at 6.) The CAB considered all the evidence to which it was presented. Moreover, Calligan has not shown that a corroborating statement from Williams even exists, or that it would be exculpatory. A prisoner's right to present evidence is qualified - "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Under the circumstances, Calligan has not shown the failure to obtain a statement from Williams was not harmless error. *See Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir. 2003)(determining potential witness's absence was harmless error because the petitioner did not establish that the witness's statement would be helpful); *see also Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

<u>CONCLUSION</u>

For the reasons set forth above, the Motion to Amend [DE #26] is **GRANTED** and the Motion to Alter or Amend Judgment [DE #24] is **DENIED**.


**DATED: June 15, 2009**                /s/RUDY LOZANO, Judge
                                        **United States District Court**